U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

PASQUALINA PATRICIA VERNA,

      Plaintiff,

vs.

SEVEN SEAS CRUISES S. DE R.L., LLC,
d/b/a REGENT SEVEN SEAS CRUISES,
a foreign limited liability company,
REGENT SEVEN SEAS, a foreign corporation;
TUMLAR, a foreign corporation; and
XYZ CORPORATION, a foreign corporation.

      Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, **PASQUALINA PATRICIA VERNA**, by and through her undersigned counsel, hereby brings this civil action for damages against the Defendants, SEVEN SEAS CRUISES S. DE R.L., LLC, d/b/a REGENT SEVEN SEAS CRUISES, a foreign limited liability company; TUMLAR, a foreign corporation; and XYZ CORPORATION, a foreign corporation, and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action under general maritime law, and the laws of Florida as applicable. This action is for damages in excess of the required minimal jurisdictional limit of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest, and is otherwise within the admiralty jurisdiction of this Court.

2.     This Court has jurisdiction over this matter pursuant to 28 USC § 1333 (1) and 28

USC § 1332 (a)(1).

3.      Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4.      At all material times, the Plaintiff, PASQUALINA PATRICIA VERNA, was and is a resident of Connecticut, over the age of 18, and otherwise sui juris. At all times material, Plaintiff was a passenger on board defendant, REGENT's vessel "Voyager".

5.      At all material times, the Defendant REGENT SEVEN SEAS (hereinafter REGENT) is a foreign corporation with its worldwide headquarters, principal address, and principal place of business in Miami-Dade County, Florida. Venue is proper in this District pursuant to 28 U.S.C.  139l(b) because the Defendant REGENT SEVEN SEAS maintains its base of operations in this District and is engaged in and doing business in Miami-Dade County, Florida. In addition, venue is proper against this Defendant in this Court, as the passenger ticket provided by the Defendant to the Plaintiff contains a forum selection clause, which provides that the action shall be located before the United States District Court for the Southern District in Miami-Dade County, Florida, U.S.A.

6.      The Defendant REGENT SEVEN SEAS is a common carrier engaged in the business of marketing, selling and operating a cruise line and the provisions of shore excursions out of various ports within the continental United States, including  Miami, Florida and the world, including Tallinn Estonia. The Defendant derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida, as well as from the sale of shore excursions which are marketed and sold as part of the cruise experience.

7.      In fact, REGENT SEVEN SEAS markets and holds itself out to the cruising public as a high-end cruise line1, charging many times more for its cruises than the traditional cruise line carriers (Carnival, RCCL, NCL, etc.), and who unlike these other lines, markets itself as providing "the most inclusive" excursions in the cruise ticket cost, befitting a premier cruise line.

8.      At all times material hereto, the Defendant REGENT SEVEN SEAS was the operator, owner, owner pro hac vice and/or charterer of the REGENT SEVEN SEAS Voyager.

9.      On or about August 24, 2012, the Defendant REGENT SEVEN SEAS, owned, operated, managed, maintained, supervised, chartered, and/or controlled the vessel REGENT SEVEN SEAS Voyager.

10.      Upon information and belief, Defendant TUMLAR, a foreign corporation, owned and/or in a joint venture with REGENT SEVEN SEAS operated the Tallinn Walking Tour and Concert Excursion option, including all equipment and vehicles related to and necessary for the operation of the excursion.

11.      In an abundance of caution, Defendant  XYZ CORPORATION is  included to represent the owner(s) and/or operator(s) of the subject Tallinn Walking Tour and Concert, including all equipment and vehicles related to and necessary for the operation of the excursion, insofar as the Plaintiff has been provided only that information relating to the excursion operator by Defendant REGENT SEVEN SEAS, including all equipment and vehicles related to and necessary for the operation of the excursion.

12.      At all times material hereto, TUMLAR, a foreign corporation; owned and/or

---

[1] REGENT SEVEN SEAS Cruises include in its price a one-night hotel stay before boarding the ship, airfare to and from the cruise origin and destination points, all gratuities, most alcoholic beverages, a "Canyon Ranch" Spa, and most shore excursions.

operated the Tallinn Walking Tour and Concert Excursion which was offered, sponsored, recommended, marketed, co-operated and/or managed by Defendant REGENT SEVEN SEAS.

13.     At all times material hereto, XYZ CORPORATION, a foreign corporation; owned and/or operated the Tallinn Walking Tour and Concert Excursion which was offered, sponsored, recommended, marketed, co-operated and/or managed by Defendant REGENT SEVEN SEAS.

14.     At all times material hereto, The Excursion Entities, were and are foreign corporations operating, conducting, engaging, and carrying-out business and/or business ventures in the State of Florida and in Tallinn, Estonia.

15.     At all times material hereto, TUMLAR, was and is a foreign corporation doing substantial and non-isolated business in the State of Florida and Tallinn, Estonia by conducting ongoing business relationship with Defendant REGENT SEVEN SEAS for marketing and selling of recreational shore excursions, including the Tallinn Walking Tour and Concert on which PASQUALINA PATRICIA VERNA was injured.

16.     At all times material hereto, TUMLAR, was and is a foreign corporation marketing their shore excursions directly through its Florida marketing representative and/or partner and/or co-owner, Defendant REGENT SEVEN SEAS. In fact, Defendant REGENT SEVEN SEAS promoted the shore excursions for TUMLAR in its literature, on its website, and on board its cruise ships.

17.     At all times  material  hereto, TUMLAR, was and is a foreign corporation, and is believed to have entered into a contract2 with Defendant REGENT SEVEN SEAS for the protection of REGENT SEVEN SEAS's passengers, including the Plaintiff, whereby TUMLAR agreed to subject themselves to the laws and jurisdiction of the State of Florida, consented to

---

2 Plaintiff is not in possession of the subject contract between Defendant **CELEBRITY** and TUMLAR and therefore cannot attach a copy of the same to the Complaint.

personal jurisdiction over themselves and consented to the venue of the Federal Court of the Southern District of Florida. TUMLAR is believed to have also agreed to indemnify Defendant REGENT SEVEN SEAS for the claims made in this Complaint within the meaning of Florida Statute §48.193(d) and purchased an insurance contract insuring interests in the State of Florida, including REGENT, and which upon information and belief requires venue of any dispute under the insurance contract in the State of Florida.   Furthermore, TUMLAR is subject to the jurisdiction of this Court because it sold and marketed tickets for the excursion Tallinn Walking Tour and Concert through REGENT SEVEN SEAS's website which is administered in Florida.

18.     Upon information and belief, TUMLAR has entered into similar contracts as described in the paragraph above, with other cruises lines who also have their worldwide headquarters, principal address, and principal place of business in Miami-Dade County, Florida.

19.     All conditions precedent for filing and maintaining this action have been fulfilled, performed or waived.

## GENERAL ALLEGATIONS

20.      On or about August 24, 2012, Plaintiff boarded the REGENT SEVEN SEAS Voyager departing from Copenhagen, Denmark.

21.     At all material times, Plaintiff was a fare paying passenger on board the REGENT SEVEN SEAS Voyager.

22.     At all material times, Defendant REGENT SEVEN SEAS was and is engaged in the business of providing "all inclusive" cruise vacation experiences to the public. The experience of recreational shore excursions at the various ports of call are sine qua non of the cruise.  Further, REGENT describes its Shoe Excursions in literature as "tours that are more inclusive in nature and smaller in size in terms of the number of guests participating." Defendant

REGENT SEVEN SEAS organizes, promotes, advertises, vouches for, and directly provides the shore excursions provided by employees, agents, servants, and/or representatives Defendant REGENT SEVEN SEAS selects, appoints, contracts and partners with, including TUMLAR.  In fact, in this all inclusive environment, the excursion costs are part and parcel of the passenger transportation and cannot be severed financially.  The excursions become a permanent part of that particular cruise and are described in the literature published by REGENT SEVEN SEAS and provided directly to passengers, including the Plaintiff.

23.     Defendant REGENT SEVEN SEAS profits directly from the sale of shore excursions, taking and keeping, a substantial portion of the shore excursion revenue, which is included and factored into its high cruise ticket prices charged to its passengers.

24.     At all material times, Defendant REGENT SEVEN SEAS utilized employees,  agents, servants, representatives, crewmembers, and/or other agents to promote, market, coordinate and directly sell excursions provided by TUMLAR.

25.     At all material times, Defendant REGENT SEVEN SEAS derived substantial income from promoting, marketing, coordinating, directly selling and vouching for excursions provided by TUMLAR.

26.     Defendant REGENT SEVEN SEAS in an effect to persuade and convince its passengers to purchase its excursions, makes representations in its literature and onboard about the safety and security of the excursions which REGENT SEVEN SEAS states are its  "Tour Operator Partners" and represents that the excursions are "safe, reliable, licensed and insured" and further represents that passengers, including the Plaintiff, should rely on REGENT SEVEN SEAS's "expert advice to meet your needs."

27.     Defendant REGENT SEVEN SEAS provided the Plaintiff with a booklet entitled

"REGENT SEVEN SEAS's Shore Excursion" which includes information about REGENT SEVEN SEAS's excursions. In big bold colorful print, the booklet provides:

**Trust your vacation moments to us;**

- We have done the research and the planning and offer high-quality experiences that provide knowledgeable guides and great service.
- Peace of Mind. We use only reputable and insured operators.
- Our tours go through a stringent screening process. We know that you are in good hands, and we know where you are.

**Why tour with REGENT SEVEN SEAS?**

- Peace of Mind - our tours are led by reputable **insured** operators and we keep in touch so if the tour is delayed, the ship waits for your return. (*Emphasis added*.)

28.     Defendant REGENT SEVEN SEAS made these representations with the purpose and intent that passengers rely upon them. Passengers, including the Plaintiff, relied upon, to her detriment, these representations in choosing the shore excursion which was REGENT SEVEN SEAS's "partner."

29.     Once aboard the REGENT SEVEN SEAS Voyager, Plaintiff was provided with a Tour Descriptions form and an order form, both which were on REGENT SEVEN SEAS letterhead with REGENT SEVEN SEAS's logo.

30.     In the REGENT SEVEN SEAS Tour Description form, Plaintiff reviewed the Tallinn Walking Tour and Concert which emphasized a drive to Mere Boulevard, walking, visiting and shopping around Town Hall Square, and transfer back to the pier.

31.     Plaintiff relied upon, to her detriment, the expert advice of the REGENT SEVEN SEAS Shore Excursion Department and the language in the literature she had been provided by REGENT SEVEN SEAS, that the excursion was safe, used "reputable and insured" operators, who had undergone a "stringent screening process" and the Plaintiff signed up for the Tallinn

Walking Tour and Concert through her REGENT SEVEN SEAS booking.

32.     On or about August 24, 2012, the REGENT SEVEN SEAS Voyager was docketed in Tallinn, Estonia. While the ship was docked, the Plaintiff participated in the subject Tallinn Walking Tour and Concert.

33.     The subject Tallinn Walking Tour and Concert commenced with the Plaintiff being directed and instructed by REGENT SEVEN SEAS's employees, servants, agents and/or representatives to meet at the pier on August 24, 2012 where she was instructed to board a bus. The bus departed the pier upon instruction of REGENT SEVEN SEAS's personnel on the scene. Upon Plaintiff's information and belief, REGENT's crew accompanied Plaintiff and other passengers on the bus tour and served as guides.

34.     Plaintiff was transported to Mere Boulevard where she was told by Crew Guides that they would then walk and shop, then return to the bus in order to return to the cruise ship.

35.     Defendant REGENT SEVEN SEAS and TUMLAR, failed to provide a reasonably safe excursion for the Plaintiff. As the Plaintiff departed the bus to participate in the walking portion of the tour, the bus she had just exited, that was chartered by REGENT SEVEN SEAS, backed into an electric utility pole which upon impact was torn from its footing and came crashing down on PASQUALINA PATRICIA VERNA's head.

36.     During her review of the REGENT SEVEN SEAS materials, and sign-up of the excursion, there was no indication whatsoever of TUMLAR in the Tallinn Walking Tour and Concert. The only logos and representations provided to the Plaintiff were those of Defendant REGENT SEVEN SEAS and REGENT SEVEN SEAS's statement that excursions are provided by "REGENT SEVEN SEAS tour operator partners." The Plaintiff, reasonably relied on and believed Defendant's REGENT SEVEN SEAS statements and representations that the subject

excursion was owned and operated by REGENT SEVEN SEAS's partner, agent, and/or joint venturer. At no time did Defendant REGENT SEVEN SEAS represent to the Plaintiff in particular, or the ship's passengers in general, in any meaningful way that TUMLAR, were not partners, agents, employees or joint venturers with REGENT SEVEN SEAS.

37.     At all material times, Defendant REGENT SEVEN SEAS was the owner, operator, or co-owner and joint-venturer of the subject Tallinn Walking Tour and Concert. At all material times, Defendant REGENT SEVEN SEAS was responsible for, and liable for, the actions of TUMLAR with respect to the subject excursion.

38.     In the alternative, at all material times, a partnership and/or agency relationship and/or joint venture existed between Defendant REGENT SEVEN SEAS and TUMLAR by virtue of the following, whereby REGENT SEVEN SEAS and TUMLAR are jointly and severally responsible for the negligence of each other as partners of the partnership and/or agency relationship and/or joint venture:

    a.  REGENT SEVEN SEAS screened and selected which companies, including TUMLAR, that would be their tour operator partners for the provision of excursions to passengers;

    b.  REGENT SEVEN SEAS negotiated and entered into an agreement with TUMLAR whereby REGENT SEVEN SEAS made all the arrangements for the Plaintiff, to participate in the subject excursion being run by its tour operator partner, TUMLAR;

    c.  REGENT SEVEN SEAS marketed on its website, in its literature and aboard its vessels, on behalf of its tour operator partners, including TUMLAR, for which REGENT SEVEN SEAS incurred certain expenses and costs;

    d.  REGENT SEVEN SEAS maintained an excursion desk on its ship whereby it marketed, offered, sold, provided expert advice and information, answered questions, handled and resolved complaints and refunds, on behalf of its tour operator partners, including TUMLAR for which REGENT SEVEN SEAS incurred certain expenses and costs;

e.  TUMLAR provided the equipment and vehicles to be used in the subject excursion, in accordance with specifications and requirements of its joint venture REGENT SEVEN SEAS;

f.  REGENT SEVEN SEAS determined the amount of money charged for the subject excursion being run by its tour operator partner, TUMLAR;

g.  REGENT SEVEN SEAS collected the amount of money already paid to REGENT SEVEN SEAS by its passengers or the subject excursion being run by its tour operator partner, TUMLAR;

h.  REGENT SEVEN SEAS paid its tour operator partner, TUMLAR, a portion of the agreed upon excursion cost, a portion determined by REGENT SEVEN SEAS, for the subject excursion after the cruise tickets, including the all-inclusive excursions, were sold by REGENT SEVEN SEAS;

i.  REGENT SEVEN SEAS had the sole discretion of offer and provide refunds or other adjustments to passengers who wished to cancel or were dissatisfied with the subject excursion;

J.  REGENT SEVEN SEAS shared in the profits and losses with its tour operator pat1ner, including TUMLAR for the subject excursion. At all material times, REGENT SEVEN SEAS was an agent for TUMLAR in the United States;

k.  REGENT SEVEN SEAS employs personnel for the purpose of organizing the excursion and passengers going on the excursion, and specifically makes announcements, directs its passengers where to go, takes passengers to the staging area for each excursion, and specifically authorizes its tour operator partners, including TUMLAR when a shore excursion can proceed to leave the area of the vessel.

1.  REGENT SEVEN SEAS determined what time an excursion will be completed and what time passengers must be returned to the vessel;

39.  TUMLAR are agents of REGENT SEVEN SEAS, partners with REGENT SEVEN SEAS and/or joint venturers with REGENT SEVEN SEAS. The representations of REGENT SEVEN SEAS to the contrary do not control the legal status of the parties. Further,

even if TUMLAR were independent contractors, REGENT SEVEN SEAS is not relieved of its

duty to verify that the representations which REGENT SEVEN SEAS makes in its literature and

elsewhere about its tour operator partner, including TUMLAR, are true, that is, the excursions

are safe, reliable, licensed and the other representations referenced herein.

## COUNT I
## NEGLIGENCE AGAINST REGENT SEVEN SEAS

40.    Plaintiff realleges, adopts, and incorporates by reference the allegations in

paragraphs 1 through 39 as though originally stated herein.

41.    Defendant REGENT SEVEN SEAS owed a duty of reasonable care under the

circumstances.

42.    On or about August 24, 2012, REGENT SEVEN SEAS and/or its agents,

servants, joint venturers, partners, and/or employees breached its duty to provide Plaintiff with

reasonable care under the circumstances and was negligent and careless by committing the

following acts and/or omissions including, but not limited to:

    a. Creating the dangerous condition by striking the electrical utility pole
       immediately after Plaintiff and other passengers exited the bus, and otherwise
       failing to observe the location and proximity of Plaintiff to exercise
       reasonable care;

    b. by operating the tour bus in a careless and reckless manner creating a risk of
       harm to Plaintiff and other passengers;

    c. failure to provide a safe excursion;

    d. failure to provide an excursion in safe areas in which Plaintiff and other
       passengers walk and visit;

    e.  failure to provide reasonably safe means for passengers to board and exit the
       bus used as a part of the tour;

f.  failing to properly adequately inspect, screen, select, and retain the services of its tour operator partner, TUMLAR, its drivers and guides, to ensure they were operating and running a reasonably safe excursion;

g.  failing to adequately monitor and supervise its tour operator partner, TUMLAR, to ensure they had all the necessary equipment (back-up lights, beepers, horns, etc.) to allow for passengers to have reasonably safe means to board the bus;

h.  failure to warn the Plaintiff of the dangers and obstacles that would be encountered during the subject excursion;

i.  assuring passengers, including the Plaintiff, that all aspects and conditions of the subject excursion were reasonably  safe and appropriate  for them when in fact they were not;

j.  failing to adequately monitor, supervise and/or inspect its Tour operator partner, TUMLAR,  to ensure that they employed  reasonable  safe means  for passengers to participate in all aspects of the subject shore excursions;

k.  failing to promulgate, enforce, and/or follow adequate policies and procedures for the inspection  and monitoring of the subject excursion to ensure proper equipment and locations were used  to allow  for  the reasonably  safe participation  of all aspects  of  the subject excursion;

l.  failing to ensure  that properly trained  and supervised  persons operated the subject excursion;

m.  failing to ensure that its Tour operator partner, TUMLAR, had proper policies and procedures in place to ensure passengers,  including the Plaintiff, had reasonably safe means for boarding and exiting the subject bus;

n.  having a shore excursion that was not competently  operated;

o.  failing to fulfill its promises and make good on its representations in which it knew passengers would rely, promises   and representations made in its literature, website and verbally to the Plaintiff;

p.  failing to verify that the subject excursion was "safe, reputable, licensed and

insured;"

q.  failing to implement a method of operation which was reasonable and safe and would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation by its tour operator partner, TUMLAR;

r.  failing to promulgate and enforce appropriate safety rules for its tour operator partner, TUMLAR;

43.    At all material times, Defendant REGENT SEVEN SEAS and its tour operator/partner, TUMLAR, failed to determine the hazards that the subject excursion posed to the Plaintiff, failed to eliminate the hazard, failed to modify the hazard; failed to properly warn the Plaintiff of the hazard.  All of the above directly and proximately caused the Plaintiff to be injured.

44.    Defendant REGENT SEVEN SEAS and its tour operator/partner, TUMLAR,  knew of the foregoing conditions (a rusting, rotting and unsafe electric utility base) causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that REGENT in the exercise of reasonable care under the circumstances should have learned of them, sought repair of otherwise notified local authorities of its existence and/or changed its route until repair was made and corrected.

45.    As a direct and proximate  result of the aforementioned carelessness and negligence of  the Defendant,  the Plaintiff, PASQUALINA PATRICIA VERNA, sustained serious  and permanent  injuries to her head, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and /or nervous disorders, and has incurred medical expenses in the past and  will incur  medical  expenses in the future.  All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and

impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

WHEREFORE, the Plaintiff, PASQUALINA PATRICIA VERNA, demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

<u>COUNT II</u>
<u>NEGLIGENCE AGAINST TUMLAR</u>

46.     Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 39 as though originally stated herein.

47.     At all material times, Defendant, TUMLAR, owned and/or operated the subject excursion.

48.     Defendant, TUMLAR, owed a duty of  reasonable care under  the circumstances for the health, welfare and safety of its passengers.

49.     On or about August 24, 2012, Defendant, TUMLAR, and/or its agents, servants, joint venturers, partners, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

   a. Creating the dangerous condition by striking the electrical utility pole immediately after Plaintiff and other passengers exited the bus, and otherwise failing to observe the location and proximity of Plaintiff to exercise reasonable care;

   b. by operating the tour bus in a careless and reckless manner creating a risk of harm to Plaintiff and other passengers;

   c. failure to provide a safe excursion;

   d. failure to provide an excursion in safe areas in which Plaintiff and other passengers walk and visit;

e.   failure to provide reasonably safe means for passengers to board and exit the bus used as a part of the tour;

f.   failing to properly adequately inspect, screen, select, and retain the services of its tour operation, its drivers and guides, to ensure they were operating and running a reasonably safe excursion;

g.   failing to adequately monitor and supervise its tour operation, to ensure they had all the necessary equipment (back-up lights, beepers, horns, etc.) to allow for passengers to have reasonably safe means to board the bus;

h.   failure to warn the Plaintiff of the dangers and obstacles that would be encountered during the subject excursion;

i.   assuring passengers, including the Plaintiff, that all aspects and conditions of the subject excursion were reasonably safe and appropriate for them when in fact they were not;

j.   failing to adequately monitor, supervise and/or inspect its tour operation, to ensure that they employed reasonable safe means for passengers to participate in all aspects of the subject shore excursions;

k.   failing to promulgate, enforce, and/or follow adequate policies and procedures for the inspection and monitoring of the subject excursion to ensure proper equipment and locations were used to allow for the reasonably safe participation of all aspects of the subject excursion;

l.   failing to ensure that properly trained and supervised persons operated the subject excursion;

m.   failing to ensure that its tour operation, had proper policies and procedures in place to ensure passengers, including the Plaintiff, had reasonably safe means for boarding and exiting the subject bus;

n.   having a shore excursion that was not competently operated;

o.   failing to fulfill its promises and make good on its representations in which it knew passengers would rely, promises and representations made in its literature, website and verbally to the Plaintiff;

p.  failing to verify that the subject excursion was "safe, reputable, licensed and insured;"

q.  failing to implement a method of operation which was reasonable and safe and would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation by its tour operation;

r.  failing to promulgate and enforce appropriate safety rules.

50.    At all material times, Defendant; TUMLAR, failed to determine the hazards that the subject excursion posed to the Plaintiff, failed to eliminate the hazard, failed to modify the hazard; failed to properly warn the Plaintiff of the hazard. All of the above directly and proximately caused the Plaintiff to be injured.

51.    At all material times, Defendant TUMLAR and its partner, REGENT SEVEN SEAS, failed to determine the hazards that the subject excursion posed to the Plaintiff, failed to eliminate the hazard, failed to modify the hazard; failed to properly warn the Plaintiff of the hazard. All of the above directly and proximately caused the Plaintiff to be injured.

52.    Defendant TUMLAR and its partner, REGENT SEVEN SEAS, knew of the foregoing conditions (a rusting, rotting and unsafe electric utility base) causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that TUMLAR in the exercise of reasonable care under the circumstances should have learned of them, sought repair of otherwise notified local authorities of its existence and/or changed its route until repair was made and corrected.

53.    As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff, PASQUALINA PATRICIA VERNA, sustained serious and permanent injuries to her head, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring,

the loss of the capacity for the enjoyment of life, and other mental and /or nervous disorders, and has incurred medical expenses in the past and  will incur  medical  expenses in the future.  All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

   **WHEREFORE**, the Plaintiff, PASQUALINA PATRICIA VERNA, demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

**COUNT III**
**NEGLIGENCE AGAINST XYZ CORPORATION**

   54. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 39 as though originally stated herein.

   55. At all material times, Defendant, XYZ CORPORATION, owned and/or operated the subject excursion.

   56. Defendant, XYZ CORPORATION, owed a duty of  reasonable care under  the circumstances for the health, welfare and safety of its passengers.

   57. On or about August 24, 2012, Defendant, XYZ CORPORATION, and/or its agents, servants, joint venturers, partners, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

  a. Creating the dangerous condition by striking the electrical utility pole immediately after Plaintiff and other passengers exited the bus, and otherwise failing to observe the location and proximity of Plaintiff to exercise reasonable care;

  b. by operating the tour bus in a careless and reckless manner creating a risk of harm to Plaintiff and other passengers;

c.  failure to provide a safe excursion;

d.  failure to provide an excursion in safe areas in which Plaintiff and other passengers walk and visit;

e.   failure to provide reasonably safe means for passengers to board and exit the bus used as a part of the tour;

f.  failing to properly adequately inspect, screen, select, and retain the services of its tour operation, its drivers and guides, to ensure they were operating and running a reasonably safe excursion;

g.  failing to adequately monitor and supervise its tour operation, to ensure they had all the necessary equipment (back-up lights, beepers, horns, etc.) to allow for passengers to have reasonably safe means to board the bus;

h.  failure to warn the Plaintiff of the dangers and obstacles that would be encountered during the subject excursion;

i.  assuring passengers, including the Plaintiff, that all aspects and conditions of the subject excursion were reasonably  safe and appropriate  for them when in fact they were not;

j.  failing to adequately monitor, supervise and/or inspect its tour operation,   to ensure  that  they  employed  reasonable  safe  means  for passengers to participate in all aspects of the subject shore excursions;

k.  failing to promulgate, enforce, and/or follow adequate policies and procedures for the inspection  and monitoring of the subject excursion to ensure proper equipment and locations were used  to allow  for  the  reasonably  safe participation  of all aspects  of  the subject excursion;

l.  failing to ensure  that properly trained  and supervised  persons operated the subject excursion;

m.  failing to ensure that its tour operation, had proper policies  and procedures in place to ensure passengers,  including the Plaintiff, had reasonably safe means for boarding and exiting the subject bus;

n.  having a shore excursion that was not competently  operated;

    o.   failing to fulfill its promises and make good on its representations in which it knew passengers would rely, promises  and representations made in its literature, website and verbally to the Plaintiff;

    p.   failing to verify that the subject excursion was "safe, reputable, licensed and insured;"

    q.   failing to implement a method of operation which was reasonable and safe and would prevent  the creation  of a dangerous  condition, such as the one  in this case, and utilizing or allowing negligent methods of operation by its tour operation;

    r.   failing to promulgate and enforce appropriate safety rules.

58.    At all material times, Defendant; XYZ CORPORATION, failed to determine the hazards that the subject excursion posed to the Plaintiff, failed to eliminate the hazard, failed to modify the hazard; failed to properly warn the Plaintiff of the hazard. All of the above directly and proximately caused the Plaintiff to be injured.

59.    At all material times, Defendant XYZ CORPORATION and its partner, REGENT SEVEN SEAS, failed to determine the hazards that the subject excursion posed to the Plaintiff, failed to eliminate the hazard, failed to modify the hazard; failed to properly warn the Plaintiff of the hazard.  All of the above directly and proximately caused the Plaintiff to be injured.

60.    Defendant XYZ CORPORATION and its partner, REGENT SEVEN SEAS, knew of the foregoing conditions (a rusting, rotting and unsafe electric utility base) causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that XYZ CORPORATION in the exercise of reasonable care under the circumstances should have learned of them, sought repair of otherwise notified local authorities of its existence and/or changed its route until repair was made and corrected.

61.    As a direct and proximate  result of the aforementioned carelessness and

negligence of the Defendant, the Plaintiff, PASQUALINA PATRICIA VERNA, sustained serious and permanent injuries to her head, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and /or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

**WHEREFORE**, the Plaintiff, PASQUALINA PATRICIA VERNA, demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

### COUNT IV
### APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST
### REGENT SEVEN SEAS

62.     Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 39 as though originally stated herein.

63.     At all material times, TUMLAR and XYZ CORPORATION were apparent agent(s) of Defendant REGENT SEVEN SEAS

64.     At all material times, Defendant REGENT SEVEN SEAS is estopped to deny that TUMLAR and XYZ CORPORATION were their agent(s) or employee(s).

65.     The foregoing acts of negligence of the Defendant REGENT SEVEN SEAS and/or TUMLAR and XYZ CORPORATION set forth above, including all subparts, were a direct and proximate cause of the Plaintiff's injuries and damages.

66.     As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff PASQUALINA PATRICIA VERNA sustained serious

and permanent injuries to her head, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

 **WHEREFORE**, the Plaintiff, PASQUALINA PATRICIA VERNA, demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

**COUNT V**
**JOINT VENTURE BETWEEN TUMLAR, XYZ CORPORATION**
**AND REGENT SEVEN SEAS**

 67. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 39 as though originally stated herein.

 68. At all material times Defendant REGENT SEVEN SEAS and TUMLAR engaged in a joint venture to provide excursions to passengers onboard REGENT SEVEN SEAS vessels.

 69. As its part of its joint venture, Defendant REGENT SEVEN SEAS arranged for, sponsored, recommended, marketed, set the pricing, directly sold, provided expert advice, made announcements, organized passengers, handled customer complaints, and issued refunds. As its part of the joint venture, TUMLAR provided the subject excursion.

 70. Defendant REGENT SEVEN SEAS, on behalf of the joint venture, provided this excursion FREE of charge to REGENT passengers who utilized the excursion. The fee was divided between Defendant REGENT SEVEN SEAS and TUMLAR (and XYZ CORPORATION), in an amount or percentage to be determined by discovery.

71.    Both Defendant REGENT SEVEN SEAS and TUMLAR had control over aspects of the joint venture.  TUMLAR had control over the day to day workings of the excursion. REGENT SEVEN SEAS also had control over the day to day workings of the excursion in that it required TUMLAR to exercise  reasonable care under the circumstances in the operation  of the subject excursion, it required TUMLAR to comply with standards set by REGENT SEVEN SEAS, had the ability to terminate, suspend or postpone excursions if TUMLAR did not comply with the standards set by REGENT SEVEN SEAS, and REGENT SEVEN SEAS retained the authority to inspection and supervise all aspects of the operation of the subject excursion by TUMLAR.   REGENT SEVEN SEAS also had control over the arrangements for the scheduling, marketing, marketing sales and refunds.

72.    REGENT SEVEN SEAS and TUMLAR therefore:

a.    Had a community of interest in the performance of the common purpose, i.e. the sale and provision of excursion as part of the cruise ticket cost to passengers for profit;

b.    Had a joint right to control with respect to the provision of excursions to passengers on board ships;

c.    Had a right to share in the profits;

d.    Had a detriment/obligation to share in the losses which may have been sustained, i.e. refunds which were issued at the sole discretion of Defendant REGENT SEVEN SEAS, as necessary under the circumstances.

73.    As joint venturers, Defendant REGENT SEVEN SEAS and TUMLAR are liable for each other's negligence. As a result Defendant REGENT is liable for the negligent conduct of TUMLAR.

74.    As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff, PASQUALINA PATRICIA VERNA, sustained

serious and permanent injuries to head, body and extremities, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiffs vacation, cruise and transportation costs.

**WHEREFORE**, the Plaintiff, PASQUALINA PATRICIA VERNA, demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

<u>COUNT VI</u>
<u>NEGLIGENT MISREPRESENTATION AGAINST REGENT SEVEN SEAS</u>

75.    Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 39 as though originally stated herein.

76.     At all material times the Defendant REGENT SEVEN SEAS has a pecuniary interest in coordinating, marketing, promoting, advertising, vouching for, providing expert advice and directly offer the subject shore excursion.

77.     At all material times, Defendant REGENT SEVEN SEAS owed a duty to its passengers, including the Plaintiff, to exercise reasonable care in obtaining and accurately communicating any information relating to shore excursions it was coordinating, marketing, promoting, advertising, vouching for, providing expert advice about, and including in its cruise experience and price as "all inclusive". In fact, in its literature REGENT SEVEN SEAS touts that it provides "expert advice" as to the tour excursions it was coordinating, marketing, promoting, advertising, vouching for and including in its cruise price. Defendant REGENT SEVEN SEAS specifically "urged" its passengers, including the Plaintiff, "to advise the Shore

Excursion Department of disabilities when requesting tours & to further meet with Shore Excursion Staff on board to discuss disabilities as they relate to the unique characteristics of each shore excursion."

78.     At all times material, Defendant REGENT SEVEN SEAS made numerous misrepresentations of material fact relating to their sponsored excursions, including the subject excursion.

79.      Those misrepresentations of material fact were made in its literature on its website, and onboard about the safety and security of the excursions which are its "partners" and represents that the excursion operators are "safe, reputable and insured"3 and undergo stringent screening, and that passengers, including the Plaintiff, should rely on REGENT SEVEN SEAS's "trust" and have "done the research and the planning" and that "you're in good hands."

80.     At all material times, Defendant REGENT SEVEN SEAS knew or in the exercise of reasonable care should have known that the representations of material facts, outlined herein, were untrue and misleading.

81.     Defendant REGENT SEVEN SEAS made these misrepresentations of material fact, outlined herein, to induce cruise ship passengers, including the Plaintiff, to choose the shore excursions it coordinated, marketed and directly offered as part of the REGENT cruise package.

82.     Defendant REGENT SEVEN SEAS made these misrepresentations of material fact, outlined herein, with the purpose and intent that ship passengers, including the Plaintiff, would rely upon them in choosing REGENT SEVEN SEAS and its "all inclusive" model of cruising and its luxury cruise experience.

---

[3] Yet when claimants such as Plaintiff make claims to TUMLAR they are ignored; no insurance adjuster responds to a legitimate claim and the insurance is illusory and applicable only for the benefit of the Defendant REGENT SEVEN SEAS, despite its plain affect and usage.

83.     Defendant REGENT SEVEN SEAS's misrepresentations of material fact relating to the all-inclusive "most exclusive" excursions influenced the Plaintiff to choose said cruise. Plaintiff would not have chosen the subject cruise and particularly in the chosen excursion but for REGENT SEVEN SEAS's misrepresentation of material fact as to the safety, reliability, licensing and insurance of the subject excursion, including specific expert advice and assurances that the Plaintiff would be physically able and safe to participate in all aspects of the subject excursion.

84.     Plaintiff actually relied upon these misrepresentations of material fact, purchased the cruise and participated in the subject excursion in which she was injured.   This reliance was justified.

85.     At all material times, REGENT SEVEN SEAS and/or its agents, servants, partners, and/or employees breached its duty to Plaintiff of reasonable care under the circumstances and was negligent and careless by committing the following acts and/or omissions including, but not limited to:

   a.   supplying false and misleading information relating to the shore excursion offered and sold by Defendant REGENT SEVEN SEAS and TUMLAR to the Plaintiff;

   b.   supplying false and misleading  information relating to the safety, reliability, licensing and available insurance   relating to the shore excursion offered and sold by Defendant REGENT SEVEN SEAS and TUMLAR to the Plaintiff;

   c.   supplying false and  misleading  information  as to the Plaintiff's ability to fully participate in all aspects of the subject excursion under the guise and pretext of providing "expert advice;"

   d.   failing to fulfill its promises and make good on its representations upon which it knew passengers, including the Plaintiff, would rely, promises and representations made in its literature, onboard the vessel and at the Shore Excursion Department;

86.     As a direct and proximate   result of the aforementioned carelessness and

negligence of the Defendant, the Plaintiff, PASQUALINA PATRICIA VERNA, sustained serious and permanent injuries to her leg and hip, body and extremities,  pain and suffering, disability, disfigurement,  mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

   **WHEREFORE**, the Plaintiff, PASQUALINA PATRICIA VERNA, demands judgment for all damages recoverable under the law against the Defendant.

   DATED this 23rd day of August, 2013.

         LAW OFFICES OF GLENN J. HOLZBERG

         Offices at Pinecrest II, Suite 220

         7685 S.W. 104th Street

         Miami, Florida 33156

         Telephone (305) 668-6410

         Facsimile: (305) 667-6161

         By:  */s/ Glenn J. Holzberg*

           GLENN J. HOLZBERG

           Fla. Bar. # 369551